# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER D. DREESMAN,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br><br>    Defendant. | Case No.16-cv-02549-HRL<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 19, 23 |

Claimant Roger Dreesman ("Dreesman") appeals a decision denying social security disability benefits under Title II of the Social Security Act and supplemental security income under Title XVI of the Social Security Act. He seeks a reversal of the Commissioner's decision and remand for further administrative proceedings. Dkt. No. 19. Defendant filed a cross-motion for summary judgment defending the ALJ's decision. Dkt. No. 23. Each party consented to magistrate judge jurisdiction. Dkt. Nos. 7, 9. For the reasons explained below, the court grants Plaintiff's motion for summary judgment, denies Defendant's cross-motion for summary judgment, and remands this matter to the agency for further administrative proceedings.

## BACKGROUND

Dreesman suffers from severe migraines, panic and anxiety disorder, tinnitus, osteoarthritis in both knees, depressive disorder, and obesity. AR 17, 234, 599. Several of these ailments date back to his period of military service in the mid-1970s, AR 364-65, 599, but Dreesman asserts that his knee problems have "gotten worse over the years to the point where I always have pain in my knees making it extremely difficult to walk very far or stand[ for] more than short periods of time," AR 365. Before 2010, Dreesman worked with computers, then later as a security guard and in electronics repair and support. AR 69. He stopped working after frequent panic attacks and migraines prevented him from keeping a regular schedule. AR 76, 77.

Dreesman first applied for social security disability benefits and supplemental security income in 2011, asserting a disability onset date of February 2010. In May 2012, after considering Plaintiff's first application, ALJ Hoskins-Hart determined that he was not disabled. Though she found that Dreesman had severe impairments including "migraines, hypertension, panic and anxiety disorder without agoraphobia, and depressive disorder," AR 103, she found his testimony regarding his symptoms to be not credible, AR 108-09. ALJ Hoskins-Hart concluded that Dreesman had the residual functional capacity to perform medium work, AR 106, and that he could perform work existing in the national economy, including positions such as janitor and kitchen helper, AR 112-13. The ALJ denied Dreesman's first application. AR 113.

One year later, Dreesman submitted a second application for benefits. Though he initially claimed a disability onset date of February 2010, AR 220, at the new hearing before ALJ Gaye, Dreesman's attorney requested to amend the onset date to May 2012, "right after the prior ALJ decision," AR 35.

In the time between his first and second hearings, Dreesman asserts, his weight increased and his knee injury worsened. Dreesman went from a weight of 197 pounds in February 2010, to 263 pounds in February 2012, to 276 pounds in March 2014. AR 388, 494, 593. As for his knees, Veteran's Affairs (VA) examiner Dr. Cesana diagnosed osteoarthritis in both knees and determined that "pain would significantly limit [Dreesman's] functional ability during flare-ups, or when the joint is used repeatedly over a period of time." AR 598-613. Dreesman also had x-rays taken of his knees. The x-rays showed possible indications of "mild local degenerative change." AR 569-70.

In 2014, the VA determined that Dreesman was entitled to a disability pension, finding that he had a combined disability rating of 70%. AR 234-36. The VA found him disabled due to migraine headaches and tinnitus, 10% disabled for instability in the left knee, 10% disabled for instability in the right knee, 10% disabled for limitation of flexion in the left knee, and 10% disabled for limitation of flexion in the right knee. AR 234. Also at about that time (in June 2013), examining doctor Clark Gable concluded that Dreesman "would be able to stand and walk for a total of six hours per day with usual breaks." AR 536.

At the hearing before ALJ Gaye, Dreesman testified that his knees had worsened since his previous hearing and decision. AR 40. He stated that if he walked too far or too long, his knees might "pop out" and cause him to fall. AR 46. This issue had "started in the Army," he said, but "it gets to be now where I have to be real careful" when climbing stairs or stepping up on curbs. AR 46. Dreesman testified that he could stand for 30-45 minutes before pain in his knees caused him to sit. AR 47. After the ALJ observed that the "ten percent [disability rating from the VA for his knees] isn't going to do much," Dreesman pointed out that "[t]here are four different [ratings] each of 10 percent, so the knees are at a 40 percent rating is the way I read it." AR 46. The ALJ acknowledged this comment, saying, "that's the way you read it, okay." *Id.*

ALJ Gaye denied benefits in October 2014. AR 14. Because a prior ALJ decided a previous application, ALJ Gaye applied res judicata principles to the earlier decision, citing *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988), and the related Acquiescence Ruling. AR 14. ALJ Gaye determined that, due to a change in his age category, Dreesman rebutted the presumption of non-disability. AR 15. Despite this determination, ALJ Gaye found that "the claimant did not provide new and material evidence related to the prior ALJ's findings." AR 15. As a result, ALJ Gaye adopted the findings of the prior ALJ for steps one to three. AR 15-18.

ALJ Gaye also adopted the prior ALJ's residual functional capacity finding that Dreesman was capable of medium work. AR 19. In reaching this decision, ALJ Gaye observed that Dreesman had sought treatment for his knee pain, and he considered the x-rays of Dreesman's knees. AR 20. He noted that this admittedly new evidence was "not material" because the x-rays revealed only minor abnormalities supporting a finding "that the claimant's knee impairment is non-severe." AR 20. ALJ Gaye "decline[d] to evaluate the credibility of the claimant's testimony," on the grounds that a new "subordinate" finding of credibility is not needed under *Chavez* if there is no new and material evidence related to the "required" residual functional capacity finding. AR 21. ALJ Gaye also considered the VA ratings, but found that they did not constitute new and material evidence because "the VA uses a different standard of disability than the Agency" and "the claimant attributed these impairments to injuries that occurred decades prior." AR 21. ALJ Gaye also mentioned only the 10% rating of osteoarthritis of the right knee,

3

1 one of the four VA ratings concerning Dreesman's knees. AR 21.

2 Finally, at step five, ALJ Gaye adopted the prior ALJ's findings as to Dreesman's ability to
3 work in some available positions and determined that Dreesman was not disabled. AR 22-23.

4 Dreesman appeals the second ALJ's decision. In his motion for summary judgment,
5 Dreesman argues that ALJ Gaye erred in several respects. First, he asserts that ALJ Gaye erred by
6 failing to evaluate evidence of his increased obesity since the prior ALJ rendered her decision, as
7 this evidence was new and material evidence sufficient to overcome the presumption of continuing
8 non-disability. Dkt. No. 19. Second, he argues that ALJ Gaye erred by ruling that his VA
9 disability ratings were not new and material evidence. *Id.* Dreesman asserts that ALJ Gaye (1)
10 did not consider the full VA disability rating, (2) erroneously accorded no perceptible weight to
11 the ratings concerning Dreesman's knees, (3) rejected the VA ratings on unacceptable grounds, (4)
12 erred in failing to consider that Dreesman's condition could have worsened over time, and (5)
13 failed to consider Dr. Cesana's opinions as to the functional impact of his knee injury. Dreesman
14 argues that all of these errors were harmful, in that the resulting step five finding does not account
15 for the allegation that Dreesman cannot stand or walk for six hours per day. *Id.*

16 In its cross-motion for summary judgment, Defendant contends that ALJ Gaye did not err.
17 Specifically, Defendant argues that Dreesman has not shown that his increased obesity has caused
18 any additional functional limitations and that ALJ Gaye properly considered Dreesman's VA
19 disability ratings. Dkt. No. 23.

20 **STANDARD OF REVIEW**

21 A reviewing court must affirm the Commissioner's decision if it applies the correct legal
22 standards and is supported by substantial evidence. *Lewis v. Apfel*, 236 F.3d 503, 509 (9th Cir.
23 2001). Substantial evidence is "relevant evidence that, considering the entire record, a reasonable
24 person might accept as adequate to support a conclusion." *Id.* The Ninth Circuit has stated that
25 substantial evidence is "more than a mere scintilla, but may be less than a preponderance." *Id;*
26 *Molina v. Astrue*, 674 F.3d 1104, 1110-11 (9th Cir. 2012). If the evidence is such that reversal or
27 affirmance are both reasonable, the Court must defer to the Commissioner. *Morgan v. Comm'r of*
28 *Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more

than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

When adjudicating a subsequent claim after a prior ALJ denies an earlier claim, the subsequent ALJ applies a presumption of continuing non-disability. *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988). The claimant may rebut this presumption by proving "changed circumstances" indicating a greater disability. *Id.* at 693. Such changed circumstances include a change in age category, an increase in the severity of an impairment, a new impairment, or a change in the law. Soc. Sec. Admin., Acquiescence Ruling (AR) 97-4(9), Dec. 3, 1997. Even if the claimant rebuts the presumption of continuing non-disability, "[a]djudicators must adopt [findings] from the final decision on the prior claim . . . unless there is new and material evidence" pointing to a changed circumstance related to a particular finding. *Id.*; Soc. Sec. Admin., HALLEX I-5-4-60, *Implementation of the* Chavez *Acquiescence Ruling (Ninth Circuit)*, Dec. 28, 1998, available at https://www.ssa.gov/OP_Home/hallex/I-05/I-5-4-60.html.

## DISCUSSION

Dreesman first argues that ALJ Gaye erred by failing to evaluate evidence of obesity as new and material evidence to overcome the presumption of continuing non-disability.

The Social Security Administration considers obesity to be a medically determinable impairment, and ALJs should consider evidence of obesity as an independent impairment, as a contributing factor that can aggravate other impairments, and as a factor in determining an individual's residual functional capacity. Soc. Sec. Ruling 02-1p (2002). This case, however, is similar to *Burch v. Barnhart*, in which the Ninth Circuit held that an ALJ did not err by failing to consider a claimant's obesity. 400 F.3d 676, 682-84 (9th Cir. 2005). Though the court in *Burch* assumed without deciding that the ALJ's failure to consider obesity at step two was legal error, it stated that the error could only have prejudiced the claimant in steps three and five, because steps one, two, and four had been resolved in the claimant's favor. *Id.* at 682. The claimant, however, was not prejudiced in steps three and five because she (1) did not show how her obesity would contribute to her meeting a listed impairment and (2) "[had] not set forth, and there is no evidence in the record of, any functional limitations as a result of her obesity that the ALJ failed to consider." *Id.* at 684; *Thompson v. Colvin*, No. 2:13-cv-1787-EFB, 2015 WL 1393230, at *5

5

(E.D. Cal. Mar. 25, 2015) ("It is the plaintiff's responsibility to present a theory on how her obesity impacts the equivalency determination.").

Here, the ALJ may have erred in failing to consider evidence of Dreesman's obesity in step two. But, as in *Burch*, steps two and four were resolved in Dreesman's favor, and so the only prejudice to the claimant could result from steps three and five. Like the claimant in *Burch*, Dreesman did not put forth any evidence or theories demonstrating how his obesity would combine with other impairments to meet or equal a listed impairment. Additionally, he did not propose how his increased weight affected his functional limitations, and there is no evidence in the record attributing his functional limitations to his weight. Under these circumstances, the ALJ did not err in failing to consider Dreesman's obesity.

The ALJ did err, however, in his consideration of Dreesman's knee-related impairments and the VA's determinations. This issue relates to ALJ Gaye's adoption of the prior ALJ's residual functional capacity finding. Dreesman could have established a changed circumstance to merit ALJ Gaye conducting a new residual functional capacity assessment by presenting new and material evidence of a new impairment. If Dreesman produced such evidence as to his knees, then ALJ Gaye erred by adopting the prior ALJ's residual functional capacity finding.

ALJ Hoskins-Hart did not make any determinations regarding Dreesman's knee impairments. But Dreesman produced evidence related to his knees from the period between his two hearings. He produced x-rays showing a "minimal degenerative spur" and a "minimal subtle calcified defect . . . which may indicate mild local degenerative change." AR 569, 570. He produced notes from Dr. Cesana of the VA, who reported that knee "pain would significantly limit [Dreesman's] functional ability during flare-ups, or when the joint is used repeatedly over a period of time." AR 607. He produced four 10% disability ratings from the VA, one for instability and one for limited flexion for each knee, and all due to osteoarthritis. AR 234. And Dreesman testified about the limitations caused by his knee pain. AR 40, 47.

In determining that Dreesman did not produce new and material evidence of a changed circumstance to merit a new residual functional capacity finding, the ALJ considered the x-rays. He determined that this evidence was new, but not material, as the x-rays only revealed minor

abnormalities and "support[] a finding that the claimant's knee impairment is non-severe." AR 20. The ALJ also cited a consultative examining doctor's opinion that that Dreesman "would be able to stand and walk for a total of six hours per day with usual breaks." AR 536. The ALJ did not discuss the report from Dr. Cesana. The ALJ considered the VA ratings, though he only mentioned one of the four ratings affecting Plaintiff's knees. AR 22. He dismissed this rating because "the claimant attributes these impairments to injuries that occurred decades prior[, w]hile the prior ALJ issued the unfavorable decisions in 2012." AR 22. The ALJ declined to consider the credibility of claimant's testimony after he determined that there was no new and material evidence requiring him to revisit the prior ALJ's residual functional capacity finding. AR 21.

The ALJ erred by failing to provide a reason for rejecting the opinion of Dr. Cesana. An ALJ errs by failing to discuss an examining doctor's opinion. Such a failure does not satisfy the requirement that an ALJ give specific and legitimate reasons supported by substantial evidence in the record for rejecting an examining doctor's opinion. *See Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012); *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995).

The ALJ further erred by improperly considering the VA disability ratings. An ALJ "must ordinarily give great weight to a VA determination of disability" because of the similarity between the two federal programs. *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). The ALJ may give less weight to a VA disability rating "if he gives persuasive, specific, valid reasons for doing so that are supported by the record." *Id.* Here, first, it is not clear whether the ALJ considered the entire decision from the VA, as he referred to only one of the four disability ratings. This, in itself, would be error. Second, the reason that ALJ Gaye gave for dismissing the VA rating—that the injury pre-dated the prior ALJ's decision—is not persuasive in this context. The prior ALJ did not discuss Dreesman's knee impairment. As a result, whether the injury pre-dated that decision is irrelevant to the prior ALJ's residual functional capacity finding. Even if the knee impairment was not "new" to Dreesman, it was new to his proceeding.

As a result of these two errors—the failure to properly consider Dr. Cesana's comments and opinions and the improper evaluation of the VA ratings—the court cannot say that ALJ Gaye properly determined that Dreesman did not submit new and material evidence regarding his knee

7

impairments. Defendant argues that the ALJ's decision that the knee-related evidence was not material is supported by the record as a whole. Defendant points to the ALJ's consideration of the x-ray and the opinion of a consultative examining doctor to suggest that the ALJ's decision was supported by substantial evidence. But the ALJ cannot consider only the evidence detrimental to claimant without discussing or fully considering the evidence favorable to claimant (i.e., Dr. Cesana's report and the full VA determination).[1]

The ALJ's errors prejudiced Dreesman. As a possible consequence of these errors, ALJ Gaye decided that there was no new and material evidence of a changed circumstance and adopted the prior ALJ's residual functional capacity finding. Because he adopted this finding, ALJ Gaye adopted the prior ALJ's credibility finding, as well, and declined to consider the credibility of Dreesman's testimony. Had the ALJ properly considered the VA report and Dr. Cesana's comments, he may have determined that Dreesman presented new and material evidence of a changed circumstance meriting a new residual functional capacity finding and a new credibility determination, and these measures may have resulted in an altered finding at step five. The ALJ's errors were prejudicial and require remand to the ALJ for further administrative proceedings.

## CONCLUSION

Plaintiff's motion for summary judgment is granted and Defendant's cross-motion is denied. The court remands this matter to the agency for further administrative proceedings.

**IT IS SO ORDERED.**

Dated: 6/30/2017

HOWARD R. LLOYD
United States Magistrate Judge

---

[1] Defendant also argues that Dr. Cesana's statements are conclusory, but this argument is not persuasive as Dr. Cesana's statements are supported by a full report.

8