UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER D. DREESMAN, <br> Plaintiff, <br> v. <br> ANDREW M. SAUL[1], <br> Defendant. | Case No. 16-cv-02549-HRL  (HSG) <br> **ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES** <br> Re: Dkt. No. 31 |

## I. INTRODUCTION

Plaintiff's counsel, Harvey P. Sackett, moves for attorney's fees after successfully representing Plaintiff Roger D. Dreesman in his appeal from denial of Social Security Disability Insurance (SSDI) benefits. Dkt. No. 31. Sackett requests $23,439.63 in attorney's fees under section 206(b) of the Social Security Act (SSA), 42 U.S.C. § 406(b). The Commissioner of Social Security filed a response taking "no position on the reasonableness of the request." Dkt. No. 33. For the following reasons, the Court GRANTS the motion.

## II. BACKGROUND

Plaintiff filed this case on May 11, 2016, seeking review of the Commissioner's decision pursuant to the SSA, 42 U.S.C. § 405(g). Dkt. No. 1. On June 30, 2017, the Court reversed the Commissioner's decision and remanded for further administrative proceedings. *See Dreesman v. Berryhill*, No. 16-CV-02549-HRL, 2017 WL 2834124, at *5 (N.D. Cal. June 30, 2017); Dkt. No. 27. On remand, an Administrative Law Judge found Plaintiff disabled and entitled to receive a gross total of $157,758.50 in retroactive benefits from May 2012 through April 2019. Dkt. Nos.

---

[1] As of June 4, 2019, Andrew M. Saul is the Commissioner of Social Security. Pursuant to Federal Rules of Civil Procedure Rule 25(d), we substitute him as Defendant.

31-1, 31-2. The Social Security Administration withheld 25% of the award ($39,439.63) in case Plaintiff's "representative . . . ask[s] the court to approve a fee no larger than 25 percent of past due benefits." Dkt. No. 31-2 at 3.

Pursuant to the parties' stipulation, on September 27, 2017, the Court ordered payment of $4,124.93 in attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Dkt. No. 30. The order specifically noted that the "award is without prejudice to Plaintiff's right to seek attorney's fees under . . . 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA." Dkt. No. 30 at 2. Plaintiff and Sackett's representation agreement provided that Sackett was "[c]harging a fee and requesting direct payment of the fee from withheld past-due benefits." Dkt. No. 31-3. On September 10, 2019, Plaintiff filed a declaration stating, "I acknowledge and agree under the terms signed by Mr. Sackett and me in October 2012 . . . [that] Mr. Sackett is to be paid up to 25% of the past-due benefits being withheld by [the Social Security Administration] for attorney's fees." Dkt. No. 39.

Sackett filed the present motion on August 1, 2019. Dkt. No. 31.

## III. LEGAL STANDARD

The SSA provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). In fact, a "court-awarded fee is the only way a successful SSDI attorney may recover fees for work performed before the district court," as the statute criminalizes any other collection of fees. *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (citing 42 U.S.C. § 406(b)(2)).

While the statute does not address how to determine whether a fee is reasonable, Ninth Circuit case law directs district courts to "respect 'the primacy of lawful attorney-client fee agreements' [by] 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Id.* at 1148 (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 793, 808 (2002)). This test should not rest on lodestar calculations, but should instead look at "the character of the

representation and the results the representative achieved," and adjust the award accordingly. *Gisbrecht*, 535 U.S. at 808. Thus, "if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the 'benefits are large in comparison to the amount of time counsel spent on the case,'" the Court may appropriately reduce the fee resulting from the contingent-fee agreement. *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 808).

In addition, any § 406(b) fee award must be offset by any award under the EAJA. If the Court awards fees under both statutes, "the claimant's attorney must refun[d] to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796.

**IV. ANALYSIS**

Sackett requests a gross fee of $23,439.63, or approximately 14.9 percent of the total past-due benefits to which Plaintiff was entitled, and a net fee of $19,314.70 after reimbursement of EAJA fees. In support of his motion, Sackett provided a timesheet that reflected 22.65 hours of services rendered in Plaintiff's case, which includes 3 hours of paralegal work, suggesting, by the Court's calculation, an unadjusted hourly rate of $1,034.86. Sackett noted that his non-contingent hourly fee can reach $650, due to his experience in SSDI cases. Dkt. No. 31 at 11. Sackett also provided evidence that a lawyer representing SSDI claimants in federal court in 2015 could anticipate payment in only about 24.56% of cases because (1) district courts immediately granted benefits in only 2% of SSDI cases, and (2) in the 45% of cases in which the district court remanded, the SSA awarded benefits only about 48% of the time. Finally, Sackett provided an executed representation agreement, which stated that fees would be paid from withheld past-due benefits, although did not specify a percentage. Dkt. No. 31-3. In response to the Court's order seeking confirmation of the agreed-upon contingency rate, Plaintiff filed a declaration "acknowledge[ing] and agree[ing] [to] the terms signed by Mr. Sackett and me in October 2012 . . . [that] Mr. Sackett is to be paid up to 25% of the past-due benefits being withheld by SSA for attorney's fees." Dkt. No. 39.

The Court finds Sackett has met his burden to demonstrate that the requested fees are reasonable. While not dispositive, the contingency-fee agreement is within the 25 percent limit

3

permitted under § 406(b). There is no evidence that Sackett's performance was substandard; instead, his representation resulted in Plaintiff receiving substantial past-due benefits. Additionally, there is also no evidence of dilatory conduct or delay. While the suggested hourly rate appears high, *Gisbrecht* guides the Court to consider lodestar calculations only as an aid, focusing instead on the contingency agreement and the outcome of the case. 535 U.S. at 808. The requested fees amount to 14.9% of the benefits received—significantly lower than those bargained for in the contingency-fee agreement.

Sackett also assumed a substantial risk of not recovering fees by representing Plaintiff on a contingency basis for over six years. Sackett and Plaintiff entered into the agreement during administrative proceedings in 2012, prior to the filing of the underlying action in district court. At that point, the Commissioner had denied Plaintiff's first application for disability benefits. Sackett, representing Plaintiff, then filed again for disability benefits and could not know that the Court would four years later remand to the Commissioner for a further hearing. Thus, given the results achieved, the amount of time he spent on the case, and his assumption of risk in agreeing to represent Plaintiff on a contingency basis, the Court finds Sackett's requested fees reasonable. *See Crawford*, 586 F.3d at 1153 (affirming the reasonableness of the fees where the effective hourly rates were $519, $875 and $902).

## V. CONCLUSION

For the reasons set forth above, the Court GRANTS Sackett's motion for attorney's fees. The Commissioner is directed to certify fees under 42 U.S.C. § 406(b) in the amount of $19,314.70, payable to Harvey P. Sackett and release the balance of withheld past-due benefits to Plaintiff.

**IT IS SO ORDERED.**

Dated: 9/27/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge

4